IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| CARLOUS S. HORTON, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Case No. | 6:15-cv-03019-MDH |
| | ) | | 6:11-cr-03021-MDH |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## ORDER

Before the Court is Petitioner Carlous Horton's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Petitioner asserts eight grounds for relief between his original and amended motion,[1] all of which claim ineffective assistance of counsel. After full and careful consideration, the Court hereby **DENIES IN PART** Petitioner's request for relief.

## I. BACKGROUND

After a six day jury trial, Carlous Horton was found guilty of conspiracy to distribute 5 kilograms or more of cocaine, to manufacture 280 grams or more of a cocaine base, and to

---

[1] Petitioner's motion to amend (Doc. 12) is hereby **GRANTED**. *See United States v. Sellner*, 773 F.3d 927, 931 (8th Cir. 2014) ("Federal Rule of Civil Procedure 15(a) governs requests to amend § 2255 motions before the district court enters judgment."); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). The Government argues Petitioner's motion to amend should be denied because the additional grounds for relief contained in the amended motion do not arise out of the same "conduct, transaction, or occurrence" as the original claims such that they relate back under Rule 15(c)(2); therefore, the Government argues, they constitute successive claims. The Government's arguments are rejected. First, one of the new grounds asserted by Petitioner –access to standby counsel and legal resources – was explicitly discussed in his original motion, although not labeled as a ground for relief. *See* Doc. 1, 5. Second, Petitioner's two new grounds need not relate back to the filing of his original motion because they are timely as brought; the motion to amend was filed within four months of the Supreme Court's decision denying certiorari in the direct appeal. *See* 28 U.S.C. § 2255(f)(1) (providing one year limitation); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Third, Petitioner's supplemental grounds should not be construed as a second or successive petition. *See generally Sellner*, 773 F.3d at 931-32 ("We now join our sister circuits and hold that when a *pro se* petitioner files a second § 2255 motion while her first § 2255 motion is still pending before the district court, the second motion is not barred by AEDPA and should be construed as a motion to amend.")

1

distribute 280 grams or more of cocaine base; nine counts of distribution of cocaine; possession with intent to manufacture 280 grams or more of cocaine base; felon in possession of a firearm; three counts of money laundering; and wire fraud. Horton was sentenced to a total term of life imprisonment. On direct appeal, the Eighth Circuit affirmed the judgment of the district court and the Supreme Court denied certiorari.[2]

On January 8, 2015, Horton filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts various grounds for relief that are all based on alleged ineffective assistance of counsel by his court appointed attorney, Robert Lewis. The record shows Attorney Lewis was appointed to represent Horton on May 2, 2011. Several months later, Horton filed a motion to proceed pro se and Attorney Lewis filed a motion to withdraw as counsel citing "differences of opinion as to how to properly defend this matter" such that "the undersigned cannot effectively communicate with Defendant." On January 11, 2012, Horton knowingly and voluntarily waived his right to counsel and the Court granted Horton's motion to proceed pro se, retaining Attorney Lewis as standby counsel. On April 23, 2012, the morning of trial, Horton agreed to let Attorney Lewis represent him for trial purposes only. Horton again represented himself following trial.

Petitioner alleges Attorney Lewis' representation was deficient because he failed to raise certain "pertinent" issues "in a pre-trial motion or during trial." Specifically, Petitioner argues Attorney Lewis failed to: (1) challenge illegal wiretaps, (2) raise the issue of extensive government pre-indictment surveillance, (3) investigate and raise *Remmer* issues, (4) seek and present an exculpatory finger print report, (5) challenge the jury selection plan as biased against African Americans, (6) challenge Horton's removal from the courtroom during jury selection, (7)

---

[2] The facts of Horton's underlying criminal case are more fully described in the Eighth Circuit opinion on direct appeal, *United States v. Horton*, 756 F.3d 569 (8th Cir. 2014).

be accessible as standby counsel, and (8) challenge the Government's failure to satisfy statutory wiretap requirements. Petitioner argues that if Attorney Lewis had raised these issues, then "[t]he outcome of this case, as believed by Petitioner, would have resulted in a dismissal of the indictment against Horton, or at minimum required reversal of conviction, and lesser charges[.]"[3]

## II. STANDARD

A prisoner may move to vacate, set aside, or correct a sentence alleging "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. A claim of ineffective assistance of counsel may suffice to prevail under section 2255 but the "petitioner faces a heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). In such cases, the court must scrutinize the ineffective assistance of counsel claim under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984).

Under *Strickland*, a prevailing defendant must prove "both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988). As to the "deficiency" prong, the defendant must show that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." *Id.* (quoting *Hayes v. Lockhart*, 766 F.2d 1247, 1251 (8th Cir. 1985)). Courts are highly deferential to the decisions of counsel and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. A reviewing court must look at the circumstances as they appeared to counsel at the time of the proceeding

---

[3] The Court notes that Horton, while proceeding pro se, was free to file a pre-trial motion raising these issues (i.e. alleged illegal recordings, excessive pre-indictment surveillance, and illegal wiretaps). Thus, Horton was not prejudiced by Attorney Lewis' failure to do so.

3

and should rarely second-guess an attorney's tactics or strategic decisions. *Lacher v. United States*, No. 05-3175-CV-S-RED, 2006 WL 744278 (W.D. Mo. Mar. 23, 2006). As to the "prejudice" prong, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cheek*, 858 F.2d at 1336 (quoting *Strickland*, 466 U.S. at 694).

### III. ANALYSIS

Upon review of the allegations and arguments made in Petitioner's § 2255 motion along with the Government's responses and the transcripts/records from the underlying case, the Court finds, on all but one claim, that the files and records conclusively establish Petitioner is not entitled to relief. *See* 28 U.S.C. § 2255(b). On those claims, an evidentiary hearing is not warranted because Petitioner's allegations are contradicted by the record, inherently incredible, mere conclusions, and/or do not show Petitioner is entitled to relief. *See United States v. Sellner*, 773 F.3d 927, 929-30 (8th Cir. 2014). On the other hand, Petitioner's claim of ineffective assistance of counsel related to his presence during jury selection turns on credibility; therefore, the Court will hold an evidentiary hearing on that claim only. Because Petitioner is entitled to a hearing, the Court will grant Petitioner's request for appointment of counsel solely on the issue covered by the hearing. 18 U.S.C. § 3006A(a)(2)(B); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) ("The appointment of counsel is discretionary when no evidentiary hearing is necessary."). Each ground for relief asserted by Petitioner is more fully addressed below.

#### A. Illegal Recordings

Petitioner argues defense counsel acted deficiently by failing to challenge the Government's recordings of conversations between Petitioner and a confidential informant. Petitioner believes such recordings were illegal because they were made without a Title III

4

wiretap or other search warrant. Petitioner is legally mistaken. The Supreme Court has long held the Government does not violate the Fourth Amendment by observing and recording voluntary statements made by a suspect to an undercover agent. *United States v. White*, 401 U.S. 745 (1971). Moreover, under Title I of the Electronic Communications Privacy Act of 1986, it is not unlawful for the Government to intercept wire, oral, and electronic communications if a party to the communication has given prior consent to the interception. 18 U.S.C. § 2511(2)(c); *United States v. Corona-Chavez*, 328 F.3d 974, 978 (8th Cir. 2003); *United States v. Eye*, No. 0500344-0102-CRWODS, 2006 WL 2861890, at *1 (W.D. Mo. Oct. 4, 2006). Here, it is undisputed that the confidential informant gave knowing consent to the communications being recorded. Accordingly, such recordings were not unlawful and Attorney Lewis did not act deficiently by refusing to raise an argument challenging those recordings.

### B. Extensive Pre-Indictment Surveillance

Petitioner argues defense counsel acted deficiently by failing to raise an argument that the Government engaged in excessive pre-indictment surveillance of Horton. Petitioner argues "the Government abused its power by monitoring Petitioner's every move for over a year" and "[t]his monitoring, electronic, phone, wiretaps, bank accounts, etc. was performed without a warrant." Petitioner argues the allegedly excessive surveillance was unconstitutional per *United States v. Jones*, 132 S. Ct. 945 (2012), and was conducted "in retaliation for Horton's refusal to cooperate with the Government in an unrelated probe[.]" Again, Petitioner's argument is legally erred.

To the extent Petitioner argues the Government's pre-indictment surveillance violated his Fifth Amendment rights, such an argument is futile. The Supreme Court expressly considered and rejected a rule prohibiting investigative delay:

> It requires no extended argument to establish that prosecutors do not deviate from "fundamental conceptions of justice" when they defer seeking indictments until

5

> they have probable cause to believe an accused is guilty; indeed it is unprofessional conduct for a prosecutor to recommend an indictment on less than probable cause. It should be equally obvious that prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt. . . . It might be argued that once the Government has assembled sufficient evidence to prove guilt beyond a reasonable doubt, it should be constitutionally required to file charges promptly, even if its investigation of the entire criminal transaction is not complete. Adopting such a rule, however, would have many of the same consequences as adopting a rule requiring immediate prosecution upon probable cause.

*United States v. Lovasco*, 431 U.S. 783, 790-91 (1977). The Court held investigative delay does not violate due process, even if the defendant was somewhat prejudiced by the lapse of time. *Id.* at 796. Pre-indictment delay violates the Fifth Amendment only where the defendant suffered actual prejudice not outweighed by the reasons for the delay. *United States v. Singer*, 687 F.2d 1135, 1143 (8th Cir. 1982). In complex drug conspiracy cases, the Eighth Circuit has recognized the importance of ongoing investigations targeted to ascertain the scope and identity of conspiracies. *See id.*

Here, the record shows Horton was placed on the Government's "radar" in 2009 when he was caught transporting cocaine to the Springfield area "for someone else" but refused to cooperate with the DEA. After Horton's arrest, the Government received intelligence on Horton, or a person whom they believed was Horton, from various sources. In the fall of 2010, the Government investigated Horton through controlled purchases by a confidential informant. The Government gradually increased the size of the controlled purchases in order to determine Horton's position in the supply chain. It further initiated surveillance and pen registers on Horton in order to gain evidence on other persons involved in the conspiracy. Between December 2010 and March 2011, the Government employed a Title III wiretap on Horton's phone in order to ascertain the size of the drug organization. Horton was arrested in March of

6

2011. The evidence in the record clearly shows a valid reason for the ongoing investigation and swift use of the investigative tools employed. The importance of the Government's investigation clearly outweighs any prejudice to Petitioner from the delay.

To the extent Petitioner argues the pre-indictment surveillance violated his Fourth Amendment rights, he does not point to any specific unlawful intrusion. Receiving information about a person from a third party does not violate the Fourth Amendment. Visual observation and surveillance of a person while in public does not violate the Fourth Amendment. *Jones*, 132 S. Ct. at 953 (distinguishing visual from physical intrusion). The use of confidential informants does not violate the Fourth Amendment. The warrantless installation of a pen register does not violate the Fourth Amendment. *Smith v. Maryland*, 442 U.S. 735, 745-46 (1979). Title III wiretaps, where made pursuant to an order authorizing interception of particular communications from an identified telephone line, do not violate the Fourth Amendment. *See United States v. Gaines*, 639 F.3d 423, 430 (8th Cir. 2011). In sum, Petitioner's allegations and the record fail to show any violation of the Fourth Amendment.

Based on the foregoing discussion, Attorney Lewis did not act deficiently by failing or refusing to raise the issue of excessive Government pre-indictment surveillance. Thus, Petitioner failed to satisfy the deficiency prong of his ineffective assistance of counsel claim.

## C. *Remmer*[4] Issue

---

[4] *Remmer v. United States* provides:

> In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant.

347 U.S. 227, 229 (1954).

Petitioner alleges Attorney Lewis was ineffective because he failed to investigate and challenge an issue of potential juror bias that arose during trial. The record reveals that on the fourth day of trial, co-defendant's counsel advised the Court that a juror may have overheard a conversation that she had with her client and her client's family during a recess. Tr. 780-781. Petitioner argues Attorney Lewis was ineffective because he "made no effort to raise a challenge to the trial court to investigate what was overheard to weigh potential prejudice, or if anything from this conversation was mentioned to other jury members." Petitioner's claim in this regard is futile because, even assuming Attorney Lewis acted deficiently by failing to investigate or raise the *Remmer* issue, the issue was raised by co-defendant's counsel and the juror was excused as an alternate out of an abundance of caution prior to deliberations. The juror was further questioned on the record after he was excused and he stated he "didn't hear a word" or say anything to anyone about it. Because the *Remmer* issue was raised by co-defendant's counsel and appropriately addressed by the Court, *see generally United States v. Harris-Thompson*, 751 F.3d 590, 596-98 (8th Cir. 2014), Petitioner cannot satisfy the prejudice prong of his ineffective assistance of counsel claim. *See also United States v. Horton*, 756 F.3d 569, 577 (8th Cir. 2014).

### D. Exculpatory Fingerprint Evidence

Petitioner argues Attorney Lewis provided ineffective assistance of counsel by failing to obtain the results of a fingerprint analysis report and by failing to mention the results of that exculpatory report to the jury. Petitioner's claim fails. The fingerprints at issue were taken from two canisters that contained 1.2 kilograms of cocaine each and were found in a drawer next to each other at the Gregg Road residence. The analysis report showed a match between Horton's fingerprints and one of the canisters but not the other. Based on this evidence, the Court cannot say the report is necessarily exculpatory. Moreover, even assuming the report is considered

8

Case 6:15-cv-03019-MDH   Document 31   Filed 08/03/15   Page 8 of 15

exculpatory, the evidence of guilt presented at trial was overwhelming such that Petitioner cannot show he was prejudiced by counsel's failure to present the results of the fingerprint analysis report. Accordingly, Petitioner's ineffective assistance of counsel claim on this ground is denied for failure to show deficiency and prejudice.

### E. Biased Jury Selection Plan

Petitioner alleges trial counsel was ineffective for failing to challenge the district court's jury selection plan as biased against African Americans. Petitioner alleges, in full, that the "[t]rial court's jury pool of potential jurors contained no persons of African-American descent, though they are registered to vote in this district." The mere absence of African-Americans from one venire does not show a jury selection plan is biased; rather, a jury selection plan violates the Sixth Amendment only where it systematically excludes a group from the jury selection process in such a manner that the juries do not represent "a fair cross-section of the community." *See generally United States v. Rogers*, 73 F.3d 774, 776 (8th Cir. 1996). To present a prima facie case, Petitioner must show: "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Id.*

Here, Petitioner failed to plead or present any evidence or argument that "underrepresentation [of African Americans on juries in the Western District of Missouri] is due to systematic exclusion of the group in the jury-selection process." *See, e.g., United States v. Garcia*, 991 F.2d 489, 491-92 (8th Cir. 1993). Because Petitioner cannot even establish a prima facie case of a biased jury selection plan, the Court cannot say trial counsel's conduct in failing

9

to pursue such an argument was deficient when measured by an objective standard of reasonableness. Moreover, Petitioner was not prejudiced by counsel's failure to raise this issue at trial because Petitioner was permitted to argue this issue on direct appeal and lost; the Eighth Circuit found insufficient evidence to show systematic underrepresentation. *United States v. Horton*, 756 F.3d 569, 578 (8th Cir. 2014). Accordingly, Petitioner's claim is denied.

### F. Absence During Jury Selection

Petitioner argues Attorney Lewis engaged in ineffective assistance of counsel by failing to raise an objection when Horton was removed from the courtroom during a critical point of jury selection. Petitioner alleges he was present for voir dire but was removed from the courtroom "while the specific jury members were selected to serve on the jury" and was returned "when 14 jurors were seated as trial jurors and sworn." The evidence of record corroborates Petitioner's allegations – he was present during voir dire and when the jury members were read off but he was not present during the execution of peremptory strikes.[5]

Under Eighth Circuit precedent, a criminal defendant has no absolute right to be present during the execution of peremptory strikes. *See generally Allen v. United States*, No. 4:07CV00027 ERW, 2011 WL 1770929, at *13 (E.D. Mo. May 10, 2011). Where the defendant is absent during peremptory strikes but present when the potential jurors are questioned and when the strikes are given effect – i.e. when the list of jurors is read off – the defendant's constitutional rights and Rule 43 are not violated. *See Williams v. Kemna*, 311 F.3d 895, 898

---

[5] Petitioner's motions for discovery related to such information are denied (Docs. 22, 23). *See* Rule 6(a) of the Rules Governing § 2255 Cases ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."). Petitioner requested discovery of voir dire transcripts, videos and photos of Petitioner while in the courtroom and the holding cell, transcripts of his conversations while in the holding cell, marshal logs, etc. This information has been previously provided by the Government and/or its discovery is unnecessary in light of the Court's finding that the record corroborates Petitioner's allegation that he was not present in the courtroom for peremptory strikes.

(8th Cir. 2002); *United States v. Gayles*, 1 F.3d 735, 738 (8th Cir. 1993); *United States v. Chrisco*, 493 F.2d 232, 236-37 (8th Cir. 1974).

Here, Petitioner admits he was present in the courtroom while the potential jurors were questioned and when the peremptory strikes were given effect. However, contrary to the affidavit submitted by Attorney Lewis, Petitioner states he was not provided an opportunity to discuss peremptory strikes with his trial counsel.[6] The Eighth Circuit previously noted that "the trial court has a responsibility to make sure that defendants are given an ample opportunity to confer with their counsel during all phases of the jury selection process including the exercise of peremptory strikes." *United States v. Chrisco*, 493 F.2d 232, 237 (8th Cir. 1974). The Court reasoned:

> There is no way to assess the extent of the prejudice, if any, a defendant might suffer by not being able to advise his attorney during the impaneling of the jury. * * * We can only speculate as to what suggestions (the defendant) might or might not have made, since it would be his prerogative to challenge a juror simply on the basis of the "sudden impressions and unaccountable prejudices we are apt to conceive upon the bare looks and gestures of another."

*Id.* (quoting *United States v. Crutcher*, 405 F.2d 239, 244 (2d Cir. 1968)). Accordingly, in order to determine whether Attorney Lewis acted deficiently in terms of peremptory strikes, the Court must determine whether Petitioner was, in fact, given an opportunity to register his opinions and misgivings with trial counsel regarding potential jurors. In order to make such a finding, the Court must hold an evidentiary hearing and assess the credibility of the witnesses.

As to prejudice, Petitioner presents no authority to show how his absence during the execution of peremptory strikes and how his alleged lack of opportunity to discuss potential

---

[6] Petitioner states, "I never talked with Bob Lewis about which jurors to keep or strike. I never discussed with Mr. Lewis nor had an opportunity to discuss with Mr. Lewis my concerns about any jurors." *See* Movant's Third Aff., at 1. Attorney Lewis states, "I gave Defendant a yellow pad and pen and told him that if, during the questioning of the potential jurors, there was someone on the panel that he did not want on the jury, to make a note of the name/number of the juror so that when it came time to make our strikes, we could compare my notes with his and made strike accordingly. Before I made our strikes, Defendant was present with me in the courtroom and we discussed what strikes should be made." *See* Gov't Sugg. Opp. Amend, Ex. 1, at 6.

11

strikes with counsel resulted in prejudice warranting relief under § 2255 and *Strickland*. Instead, Petitioner argues that his non-presence during the execution of peremptory strikes constitutes "structural error" such that prejudice is presumed.[7] The Court tends to disagree with Petitioner. *See generally White v. Luebbers*, 307 F.3d 722, 729 (8th Cir. 2002) (refusing to apply presumption-of-prejudice exception to counsel's errors during voir dire, noting the exception is applied "in very few cases, most of them apparently involving active representation of conflicting interests"). Here, Petitioner was not denied counsel entirely, nor was he denied the assistance of counsel entirely during jury selection; rather, he was allegedly denied an opportunity to voice his objection to particular venire members. Although counsel's failure to consult with Petitioner was in error, assuming that allegation is true, the Court cannot say the likelihood of prejudice inherent in such an error is so great as to justify dispensing with the usual requirement that prejudice be shown. *See, e.g., United States v. Kehoe*, 712 F.3d 1251, 1254 (8th Cir. 2013) (refusing to apply presumption to ineffective assistance of counsel claim based on counsel's strikes during voir dire). Nonetheless, based on the language in *Chrisco*, the Court will allow the parties to argue the issue of prejudice during the evidentiary hearing.

Based on the foregoing, the Court will hold a hearing on Petitioner's ineffective assistance of counsel claim based on lack-of-presence during jury selection. The hearing will allow the Court to (1) make a factual finding concerning whether Petitioner was afforded an

---

[7] Structural error refers to "defects affecting the framework within which the trial proceeds, rather than simply error in the trial process itself." *Becht v. United States*, 403 F.3d 541, 547 (8th Cir. 2005). They are recognized only in a limited set of circumstances that necessarily render the criminal trial "unfair or an unreliable vehicle for determining guilt or innocence" – for example, where a defendant is completely denied counsel, has a biased judge, or there is a defective jury instruction on the reasonable doubt standard. *United States v. Picardi*, 739 F.3d 1118, 1123 n. 3 (8th Cir. 2014). In the context of an ineffective assistance of counsel claims, the Supreme Court has noted a similar exception that dispels a petitioner's duty to show prejudice. *See Mickens v. Taylor*, 535 U.S. 162, 166 (2002) ("We have spared the defendant the need of showing probable effect upon the outcome, and have simply presumed such effect, where assistance of counsel has been denied entirely or during a critical stage of the proceeding. When that has occurred, the likelihood that the verdict is unreliable is so high that a case-by-case inquiry is unnecessary.").

opportunity to discuss peremptory strikes with trial counsel, and (2) hear argument concerning whether the presumption-of-prejudice exception to *Strickland* applies in this case.

### G. Lack of Access to Standby Counsel

Petitioner argues Attorney Lewis engaged in ineffective assistance of counsel because Attorney Lewis was unavailable as standby counsel. Even assuming Petitioner's allegations are true, this argument fails because a defendant who knowingly waives counsel has no absolute right to standby counsel, *United States v. Keiser*, 578 F.3d 897, 903 (8th Cir. 2009), and therefore cannot bring an ineffective assistance of counsel claim against standby counsel, *see United States v. Foster*, 230 F.3d 1364 (8th Cir. 2000). *See also United States v. Arafat*, No. 12-CR-45 SRN/JJG, 2014 WL 457906, at *3 (D. Minn. Feb. 4, 2014), *aff'd*, No. 14-2236, 2015 WL 3650716 (8th Cir. June 15, 2015) (district court rejected similar arguments related to lack of access to legal resources and standby counsel).[8]

### H. Failure to Comply with Wiretap Statute

Petitioner argues Attorney Lewis acted deficiently by failing to challenge the Government's compliance with the Title III wiretap statute. Petitioner argues the Government failed to comply with the application and notice requirements contained in the statute. Petitioner's arguments have no merit based on the record; therefore, Attorney Lewis did not act deficiently by failing to make the challenges proposed by Petitioner. Contrary to Petitioner's first assertion, the Title III applications clearly show the necessity requirements under § 2518(1)(c) and § 2518(3)(c) were met. *See* Wiretap App. 1 at ¶¶ 55-93; Wiretap App. 2 at ¶¶ 56-96. Furthermore, contrary to Petitioner's second assertion, both the Government and Attorney

---

[8] Petitioner's motion for discovery related to such information (i.e. telephone communications between Petitioner and Attorney Lewis) is accordingly denied (Docs. 22). *See* Rule 6(a) of the Rules Governing § 2255 Cases ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.").

Lewis state the Government provided the § 2518(9) notice more than ten days prior to trial. The record shows the notice was filed in the underlying case on April 10, 2012, thirteen days before trial began, and it stated the documents were provided to defense counsel on December 1, 2011. Petitioner's bare assertion that "Mr. Lewis was retained full counsel status as of that date, and knows fully well that we were not provided" is contradicted by the record, contradicted by Attorney Lewis' affidavit, and is inherently incredible. Based on the foregoing, counsel was not deficient for failing to challenge the statutory requirements of the Title III wiretap.

## IV. DECISION

The files and records conclusively establish that the majority of Petitioner's claims do not warrant relief under 28 U.S.C. § 2255. Accordingly, the Court hereby **DENIES IN PART** Petitioner's § 2255 motion (Doc. 1). The Court will conduct a hearing on Plaintiff's ineffective assistance of counsel claim surrounding Plaintiff's alleged lack of opportunity to discuss peremptory strikes with counsel. The Court will appoint counsel for Petitioner and the hearing shall take place on September 10, 2015 at 10:00 a.m. in Springfield, Missouri.

## V. CERTIFICATE OF APPEALABILITY

For Petitioner's § 2255 claims denied herein, the Court finds Petitioner failed to make a substantial showing of the denial of a constitutional right, as required for issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."). Therefore, the Court shall not issue a certificate of appealability as to the claims raised in Petitioner's § 2255 motion related to ineffective assistance counsel premised on illegal recordings, extensive pre-

14

Case 6:15-cv-03019-MDH   Document 31   Filed 08/03/15   Page 14 of 15

indictment surveillance, *Remmer* issues, exculpatory fingerprint evidence, biased jury selection plan, lack of access to standby counsel, or failure to comply with the wiretap statute.

**IT IS SO ORDERED**.

Dated: August 3, 2015

                                       */s/ Douglas Harpool*
                                       **DOUGLAS HARPOOL**
                                       **UNITED STATES DISTRICT JUDGE**